# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VITALY BORISOVICH KOLOSHA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. 12-CV-00465-JHP-PJC** |
| ) | |
| **CARL BEAR, Warden,**[1] ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner,

Vitaly Borisovich Kolosha, a state prisoner appearing pro se.  Respondent filed a response to the

petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims

(Dkt. ## 10, 11).  Petitioner filed a reply (Dkt. # 12).  For the reasons discussed below, the petition

for writ of habeas corpus shall be denied.

### *BACKGROUND*

On the evening of July 5, 2006, a nine (9) year old girl, K.K., was playing with two friends

in her neighborhood.  See Dkt. # 10-4, Tr. Vol. I at 62-63, 122-23.  K.K. disclosed to the two friends

that she had been sexually molested by a man who worked with her father.  Id. at 67-68, 123.  At

the urging of her friends, K.K. went home and told her parents that Petitioner had touched her

inappropriately.  Id. at 124-25.  K.K.'s parents contacted law enforcement, and K.K. was

interviewed by law enforcement and a trained forensic interviewer.  Id.  K.K. detailed several

---

[1]  Petitioner is currently incarcerated at the Joseph Harp Correctional Center.  The proper party respondent is the current warden of the facility, Carl Bear.  Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, and Rule 25(d)(1), Federal Rules of Civil Procedure, Carl Bear is hereby substituted as the respondent in this case.  The Court Clerk shall be directed to note the substitution on the record.

instances of sexual molestation by Petitioner. Id. at 107-22. K.K. was also able to direct law enforcement to locations, including a church parking lot, where Petitioner sexually abused her. See Dkt. # 10-5, Tr. Vol. II at 340-44.

Based on these facts, Petitioner was charged by Information in Tulsa County District Court, Case No. CF-2007-3180, with four (4) counts of Lewd Molestation. (Dkt. # 1 at 1). A jury found Petitioner guilty of each count and recommended a sentence of twenty (20) years on Counts 1, 2, and 4, and seven (7) years on Count 3. (Dkt. # 10-6, Tr. Vol. III at 516-17). The trial judge sentenced Petitioner in accordance with the jury's recommendations, and ordered Counts 1, 2, and 4 to run concurrently, and Count 3 to run consecutively. See Dkt. # 10-8, Tr. Sent. Hr'g at 6-7. Attorney Latisha Harper Perkins represented Petitioner at trial. See Dkt. # 10-4, Tr. Vol. I at 1.

Represented by attorney Art Fleak, Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). (Dkt. # 9-1). Petitioner raised three (3) propositions of error, as follows:

| | |
|---|---|
| Proposition I: | The State was allowed to put on a key witness to testify about events which were admitted lies, and recanted by the witness prior to her testimony. This testimony was irrelevant and extremely prejudicial, and resulted in a jury verdict of guilty in an otherwise close case. |
| Proposition II: | The Other Crimes Evidence was not established by the "Clear and Convincing Evidence" standard; therefore its admission was error; and since the error was not harmless, the Defendant is entitled to a new trial. |
| Proposition III: | The admission of this other crimes evidence likely had a significant effect upon the sentences received by the Defendant, and the way these sentences were ordered to be carried out. |

<u>See</u> Dkt. # 9-1.  In an unpublished summary opinion, filed October 28, 2010, in Case No. F-2009-915 (Dkt. # 9-3), the OCCA denied relief and affirmed the Judgment and Sentence of the district court.

On October 31, 2011, Petitioner filed an application for post-conviction relief.  <u>See</u> Dkt. # 9-5 at 1.  Petitioner raised six (6) propositions of error, as follows:

| | |
|---|---|
| Proposition I: | Mr. Kolosha was denied effective assistance of counsel during trial and pretrial proceedings. |
| Proposition II: | Further deficient performance is evident where Ms. Perkins failed to call Mr. Kolosha to the stand after telling the jury that he would testify and therefore amounts to ineffective assistance of counsel. |
| Proposition III: | Mr. Kolosha was denied his right to testify. |
| Proposition IV: | The trial court failed to provide/state for the record the required particular facts and circumstances supporting its findings that the hearsay statements presented in this case are reliable. |
| Proposition V: | The trial court failed to provide any statement what-so-ever [sic], or even state any findings regarding the reliability or any particular facts or circumstances to support a finding that the videotape presented in this case was reliable. |
| Proposition VI: | The trial court committed fundamental reversible error by allowing the videotape of the forensic interview of the alleged victim to be sent back into the deliberation room with the jury for additional viewing, requiring a new trial. |

<u>Id.</u> at 4-5.  By Order filed December 29, 2011, the trial court denied the application.  (Dkt. # 9-4).  On April 20, 2012, in Case No. PC-2012-69, the OCCA affirmed the trial court's denial of post-conviction relief.  (Dkt. # 9-6).

On August 21, 2012, Petitioner commenced this federal action by filing his pro se petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2).  Petitioner raises nine (9) grounds of error, as follows:

| | |
|---|---|
| Ground I: | The State was allowed to put on a key witness to testify about events which were admitted lies, and recanted by the witness prior to her testimony. This testimony was irrelevant and extremely prejudicial, and resulted in a jury verdict of guilty in an otherwise close case. |
| Ground II: | The Other Crimes Evidence was not established by the "Clear and Convincing Evidence" standard; therefore its admission was error; and since the error was not harmless, the Defendant is entitled to a new trial. |
| Ground III: | The admission of this other crimes evidence likely had a significant effect upon the sentences received by the Defendant, and the way these sentences were ordered to be carried out. |
| Ground IV: | Mr. Kolosha was denied effective assistance of counsel during trial and pretrial proceedings. |
| Ground V: | Further deficient performance is evident where Ms. Perkins failed to call Mr. Kolosha to the stand after telling the jury that he would testify and therefore amounts to ineffective assistance of counsel. |
| Ground VI: | Mr. Kolosha was denied his right to testify. |
| Ground VII: | The trial court failed to provide/state for the record the required particular facts and circumstances supporting its findings that the hearsay statements presented in this case are reliable. |
| Ground VIII: | The trial court failed to provide any statement what-so-ever [sic], or even state any findings regarding the reliability or any particular facts or circumstances to support a finding that the videotape presented in this case was reliable. |
| Ground IX: | The trial court committed fundamental reversible error by allowing the videotape of the forensic interview of the alleged victim to be sent back into the deliberation room with the jury for additional viewing, requiring a new trial. |

See Dkt. # 1. In response, Respondent argues that Grounds I-III are matters of state law not cognizable on federal habeas review, and Grounds IV-IX are procedurally barred from this Court's review. See Dkt. # 9.

4

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner raised Grounds I-IX to the OCCA on direct and post-conviction appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.

See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claims to the OCCA on direct and post-conviction appeal. Because the OCCA addressed Grounds I-III on the merits, the § 2254(d) standard applies to this Court's analysis of those grounds.

### 1.    Admission of "other crimes evidence" (Grounds I & II)

Petitioner's Grounds I and II both relate to the trial court's admission of "other crimes evidence." This other crimes evidence was testimony related to incidents of sexual abuse disclosed by V.K. See Dkt. # 2 at 8. At trial, V.K. testified that she was then thirteen (13) years old and that

she thought Petitioner was her uncle. (Dkt. # 10-5, Tr. Vol. II at 296-97). She also testified that she told police and a Department of Human Services (DHS) worker that Petitioner had sexually abused her. Id. at 301. On cross-examination by Petitioner's attorney, V.K. testified that her previous disclosure of sexual abuse was "a lie," and that Petitioner never touched her inappropriately. Id. at 307. Officer Darrin Hester and DHS employee Jodie Hunt both testified regarding V.K.'s disclosures of sexual abuse. See id. at 242-46, 254-57.

In Ground I, Petitioner argues V.K.'s testimony was "irrelevant[,] extremely prejudicial, and resulted in a jury verdict of guilty in an otherwise close case." (Dkt. # 2 at 7). Petitioner claims the evidence had no probative value as V.K. had previously recanted her allegations of sexual abuse. Id. at 8.[2] In Ground II, Petitioner asserts the other crimes evidence was not established by "clear and convincing evidence" as required by Oklahoma law. Id. at 10. The OCCA denied Petitioner's claims, finding that,

> [T]he trial court did not abuse its discretion in admitting the testimony of V.K. concerning her prior allegations against Appellant. *See Williams v. State*, 2001 OK CR 9, ¶ 94, 22 P.3d 702, 704 (admission of evidence is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion).
> While the State may have intended V.K.'s testimony to be evidence of other crimes, in light of her trial testimony recanting her previous allegations, no other crimes evidence was actually admitted. V.K. testified only to the statements she had previously given the police and that those statements were false. She did not testify that Appellant actually molested her, even flatly stating Appellant had never touched her inappropriately. Therefore, no other crimes evidence was actually presented, and the trial court appropriately left V.K.'s credibility determination for the jury.
> The consistent, credible testimony given by the nine year old victim in this case, K.K., that Appellant repeatedly molested her was sufficient to support the convictions, separate and apart from any testimony regarding the possible molestation of V.K.

---

[2]    At the Child Hearsay Reliability Hearing, V.K. testified that while speaking with the prosecutor prior to the hearing, she told the prosecutor that her previous disclosures of sexual abuse by Petitioner were "all a lie." See Dkt. # 10-2, Tr. Child Hearsay Hr'g at 98.

(Dkt. # 9-3 at 2-3). Respondent argues that Petitioner's claim is a matter of state law not cognizable on federal habeas review, and that the admission of the other crimes evidence did not render Petitioner's trial fundamentally unfair. (Dkt. # 9 at 3-6).

Federal habeas relief is not permitted for state law errors. See Rose v. Hodges, 423 U.S. 19, 22 (1975). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). State court evidentiary rulings do not warrant habeas relief unless the ruling "rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000). Therefore, this Court must determine whether, when "considered in light of the entire record," the admission of this evidence resulted in a fundamentally unfair trial. Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002) (citing Estelle, 502 U.S. at 67).

Upon review of the record, the Court finds that Petitioner has failed to show that the trial court's admission of testimony related to V.K.'s prior allegations of sexual abuse rendered his trial fundamentally unfair. V.K. had previously disclosed to law enforcement multiple incidents of sexual abuse by Petitioner. As the trial court found, V.K.'s description of the alleged acts of abuse by Petitioner were "almost the same actions alleged on behalf of the defendant with each child." (Dkt. # 10-2, Tr. Child Hearsay Hr'g at 124). The trial court found these similarities, and the fact that the statements made by V.K. and K.K "seem[ed] to corroborate each other," supported admission to show a "common scheme or plan," as permitted by Oklahoma evidentiary rules and Burks v. State, 594 P.2d 771 (Okla. Crim. App. 1979). Id. The trial court determined the evidence

would be presented to the jury, including V.K.'s recantation, for "the jury to make their own determination." Id. at 125.

In light of the evidence presented at Petitioner's trial, Petitioner has failed to demonstrate that the admission of the evidence related to V.K. rendered his trial fundamentally unfair. Therefore, this Court cannot determine that the OCCA's conclusion that the evidence was properly admitted was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas corpus relief shall be denied on Grounds I and II.

## 2. Excessive sentence due to the admission of other crimes evidence (Ground III)

In Ground III, Petitioner asserts an "alternative argument" to Grounds I and II, arguing that, "should the Court decide that this 'other crime' evidence was somehow 'harmless error,' this Court should not conclude that the wrongful admission of this very prejudicial evidence was also harmless in regard to the sentences [Petitioner] received." (Dkt. # 2 at 13). Petitioner claims that due to the impact of the improper admission of V.K.'s testimony at trial, this Court should modify his sentence "by 50%" and order that his sentences run concurrently. Id. at 15. The OCCA rejected Petitioner's claim, finding that, "V.K.'s testimony did not have a significant effect upon the sentences received by Appellant or the way they were ordered to be carried out. . . . The sentences imposed were within statutory range and not excessive under the facts and circumstances of the case." (Dkt. # 9-3 at 3) (internal citations omitted). In response, Respondent argues that Petitioner's claim is a matter of state law not cognizable on federal habeas review. (Dkt. # 9 at 6-8).

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222

F.3d 1245, 1258 (10th Cir. 2000). Therefore, a habeas court's "review of a sentence ends once [it] determine[s] the sentence is within the limitation set by statute." Id. Here, Petitioner's sentences were within statutory limits. See OKLA. STAT. tit. 21, § 1123. In addition, Oklahoma law provides that a trial court has the discretion to order that sentences run consecutively or concurrently. See OKLA. STAT. tit. 22, § 976. Therefore, Petitioner's claim that his sentence should be modified is not constitutionally cognizable. Habeas corpus relief on Ground III is denied.

## C.  Procedural Bar (Grounds IV-IX)

Petitioner first raised Grounds IV-IX in his application for post-conviction relief. See Dkt. # 9-5. In Grounds IV and V, Petitioner claims his trial counsel was ineffective. (Dkt. # 1 at 7-9). In Ground VI, Petitioner alleges he was denied his constitutional right to testify at his jury trial. Id. at 10. In Grounds VII and VIII, Petitioner challenges two of the trial court's rulings related to the admission of certain hearsay statements and the videotape of K.K.'s forensic interview. Id. at 11-12. Finally, in Ground IX, Petitioner claims the trial court erred by allowing the videotape of the forensic interview to be sent back with the jury during its deliberations. Id. at 13. The OCCA determined Grounds IV-IX were procedurally barred, finding as follows:

> After a review of the pleadings filed in this Court, we find Petitioner has failed to establish entitlement to relief. Any issue that could have been previously raised, but was not, is waived, and may not be the basis of a subsequent post-conviction application. *Webb v. State*, 1991 OK CR 38, ¶ 6, 835 P.2d 115. *See also*, 22 O.S. 2001, § 1086; Rules 2.1(B) & 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2012). We find Petitioner's claims are procedurally barred.

(Dkt. # 9-6 at 2). In response, Respondent argues that the OCCA's application of a procedural bar should be upheld as Petitioner has failed to show cause for the state default. (Dkt. # 9 at 8-26).

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim that was resolved on an independent and adequate state procedural ground, unless the

petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly in the "vast majority" of cases. Id. at 986 (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Grounds IV-IX are procedurally barred from this Court's review. The state court's procedural bar as applied to these claims was an independent ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." See id. at 985. The OCCA based its decision solely upon Oklahoma rules and case law, including OKLA. STAT. tit. 22, § 1086. In addition, as to Grounds VI-IX, the procedural bar applied by the OCCA was based on an adequate state ground. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding OKLA. STAT. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). Therefore, the procedural bar imposed by the OCCA on the claims raised in Grounds VI-IX was based on independent and adequate state law grounds to preclude federal review.

The Court further finds that the procedural bar imposed on Petitioner's ineffective assistance of trial counsel claims raised in Grounds IV and V is based on state law grounds "adequate" to preclude federal habeas corpus review. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are

"dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly limited the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

In this case, Petitioner was represented at trial by attorney Latisha Harper Perkins. On appeal, Petitioner was represented by attorney Art Fleak. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Petitioner's defaulted claims are that trial counsel was ineffective for failing to secure a Russian translator and for failing to call Petitioner to testify after allegedly stating during opening argument that he would testify. Those claims can be resolved upon the trial record alone. As a result, Petitioner has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel raised in Grounds IV and V are procedurally barred.

Because of the procedural default of Petitioner's claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. First, "the fundamental miscarriage of justice exception is an 'extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (quoting Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (internal quotation marks omitted)). To establish a fundamental miscarriage of justice, a petitioner "must support his allegations of innocence with 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" Cole v. New Mexico, 58 F. App'x 825, 830 (10th Cir. 2003) (unpublished)[3] (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner has failed to make this showing. While Petitioner asserts he was "wrongly convicted," see Dkt. # 2 at 32, he provides no new evidence to support this allegation. Therefore, Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception.

Petitioner may also overcome the procedural bar by demonstrating cause and prejudice. "Cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." Coleman, 501 U.S. at 753. Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See Murray v. Carrier, 477 U.S. 478, 488 (1986). As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). "Pro se

---

[3]     This and other unpublished court decisions herein are not precedential but are cited as persuasive authority, pursuant to Tenth Circuit Rule 32.1.

litigants do not enjoy a more lenient standard," <u>Frye v. Raemisch</u>, 546 F. App'x 777, 785 (10th Cir. 2013) (unpublished) (citing <u>Andrews v. Deland</u>, 943 F.2d 1162, 1189 n.41 (10th Cir. 1991)), and a petitioner's status as a pro se prisoner does not constitute "cause" for the procedural default. <u>Steele v. Young</u>, 11 F.3d 1518, 1522 (10th Cir. 1993) (citing <u>Rodriguez v. Maynard</u>, 948 F.3d 684, 687-88 (10th Cir. 1991)).

Petitioner argues ineffective assistance of appellate counsel as cause for the procedural default. (Dkt. # 2 at 31-32). "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." <u>Hickman v. Spears</u>, 160 F.3d 1269, 1272 (10th Cir. 1998). However, in order for an attorney's performance to constitute cause external to a petitioner, the attorney's performance must be constitutionally ineffective under the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Coleman</u>, 501 U.S. at 752-54. Furthermore, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. <u>Carrier</u>, 477 U.S. at 489; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 453 (2000).

On post-conviction appeal, Petitioner argued that appellate counsel provided ineffective assistance in failing to raise the six post-conviction claims on direct appeal. <u>See</u> Dkt. # 9-5 at 10, 19-21. Although the OCCA failed to analyze Petitioner's claim of ineffective assistance of appellate counsel, the state appellate court nonetheless found that "Petitioner has failed to establish entitlement to [post-conviction] relief." (Dkt. # 9-6 at 2). The OCCA's ruling is entitled to deference. <u>Richter</u>, 562 U.S. at 100. Therefore, this Court must determine whether the OCCA's ruling with regard to Petitioner's claim of ineffective assistance of appellate counsel for failing to raise the post-conviction claims on direct appeal is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). The Tenth Circuit has explained that,

> If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (footnote omitted) (citation omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). "While counsel should not omit 'plainly meritorious' claims, counsel need not raise meritless issues." Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008) (quoting Miller v. Mullin, 354 F.3d 1288, 1298 (10th Cir. 2004)). To prevail, a petitioner must "show an 'objectively unreasonable' decision by the appellate counsel as well as a 'reasonable probability that the omitted claim would have resulted in relief.'" Id. (quoting Neill v. Gibson, 278 F.3d 1044, 1057 & n. 5 (10th Cir. 2001)).

After a review of the record and the underlying merits of the ineffective assistance of appellate counsel claim, the Court finds that Petitioner has failed to demonstrate that any "omitted issue [was] so plainly meritorious that it would have been unreasonable to winnow it out ." Cargle, 317 F.3d at 1202. The Court will discuss each claim below.

a.      **Ineffective assistance of trial counsel (Grounds IV and V)**

In Ground IV, Petitioner argues his trial counsel was ineffective for failing to secure a Russian translator which "resulted in [an] insurmountable communication hurdle" for both Petitioner and his defense witnesses. (Dkt. # 2 at 16). Petitioner claims counsel refused, "even at the behest

of [the] defendant and his family (and witnesses), to hire or secure a Russian translator." Id. In Ground V, Petitioner claims that trial counsel failed to call Petitioner to testify "after she told the jury that he would testify." Id. at 19. Petitioner argues this alleged error by counsel prejudiced the defense. Id. at 19-20.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Richter, 562 U.S. at 104; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Richter, 562 U.S. at 104. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of

ineffective assistance fails.  See Strickland, 466 U.S. at 700.  Thus, it is not always necessary to address both Strickland prongs.

### i.     Failure to secure a Russian translator (Ground IV)

Petitioner argues that counsel failed to "hire or secure" a Russian translator, after requests from both Petitioner and his family.  (Dkt. # 2 at 16).  Petitioner claims counsel told him a translator was unnecessary because Petitioner and counsel "understood each other."  Id.  Petitioner argues he was prejudiced by counsel's failure to secure a Russian translator because 1) he was unable to participate in his own defense, and 2) the language barrier caused confusion and "very likely led the jury to the inference that [Pyotr Kolosha] was not credible and that his testimony was perjured in favor of [Petitioner]."  Id. at 16-17.

Petitioner has failed to show a reasonable probability this claim would have resulted in relief.  See Smith, 550 F.3d at 1268.  Petitioner makes a general statement that the absence of a translator "resulted in insurmountable communication hurdles and confusion" for both Petitioner and some of his witnesses.  (Dkt. # 2 at 16).  While Petitioner points to one instance, where defense witness Pyotr Kolosha confused a day of the week, Petitioner fails to show how this alleged confusion during Pyotr Kolosha's testimony prejudiced the defense.  Contrary to Petitioner's allegation, nothing in the record suggests Petitioner was unable to participate in his defense, and when Petitioner did speak to the trial court, his answers demonstrated that he understood the trial court and

counsel.[4]  Petitioner has failed to show that his claim of ineffective assistance of trial counsel, if raised on appeal, would have resulted in relief.

### ii.    Failure to call Petitioner to testify after telling the jury he would testify (Ground V)

Next, Petitioner claims that, during her opening statement, trial counsel told the jury Petitioner would testify in his own defense.  (Dkt. # 2 at 18).  However, Petitioner did not testify.  Id.  Therefore, Petitioner argues, this failure "gave rise to a negative inference about what the content of his testimony might have been," and was not harmless error.  Id. at 19-20.

Petitioner has failed to show deficient performance.  During a discussion between counsel and the trial judge, outside the hearing of the jury, the trial judge warned defense counsel that she had "already made a statement to the jury that your client is going to testify . . . you said my client will tell you."  (Dkt. # 10-4, Tr. Vol. I at 54).  However, after a careful review of defense counsel's opening statement, id. at 48-55, this Court finds that counsel did not state during her opening statement that Petitioner would testify.  Appellate counsel was not ineffective for failing to raise this meritless issue.

### b.    Petitioner was denied his right to testify (Ground VI)

In Ground VI, Petitioner claims he was denied the right to testify at jury trial.  (Dkt. # 2 at 21).  Petitioner argues his counsel "told/advised [Petitioner] not to testify because of his limitations with the English language."  Id.  Petitioner argues counsel alone made the decision "not to put him

---

[4]    Testimony presented at Petitioner's trial supports the conclusion that Petitioner understood and was comfortable with English.  Petitioner's family members testified that Petitioner had been in the United States since 1990, he owned a mechanic shop in Tulsa, OK with his brother, Pyotr Kolosha, that was open to the public, he owned and/or ran a separate trucking business, and he was a preacher at a local church.  See Dkt. # 10-5, Tr. Vol. II at 300, 381, 385, 388-89, 397-98, 419-20.

on the witness stand." Id. While Petitioner acknowledged the court discussed the waiver of his right to testify, see id. at 21-22, Petitioner argues the record of his waiver was insufficient because "no mention was made that [Petitioner's] primary language was Russian or that he had [ ] no previous encounter or familiarity with the criminal justice system." Id. at 24.

"There is no dispute that a defendant has a constitutional right 'to take the witness stand and to testify in his or her own defense.'" Janke v. Novac, 42 F. App'x 107, 109 (10th Cir. 2002) (unpublished) (quoting Rock v. Arkansas, 483 U.S. 44, 49 (1987)). Therefore, for a waiver of a petitioner's right to testify to be effective, "it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." Brookhart v. Janis, 384 U.S. 1, 4 (1966).

Petitioner has failed to show appellate counsel was ineffective for failing to raise this claim on direct appeal. At trial, prior to the defense resting its case, the trial judge questioned Petitioner regarding his right to testify. See Dkt. # 10-6, Tr. Vol. III at 448-51. During this extensive colloquy, the trial judge confirmed Petitioner wished to waive his right to testify, as follows:

| | |
|---|---|
| THE COURT: | Sir, would you raise your right hand. Do you solemnly swear or affirm that the testimony you shall give to me today will be the truth, the whole truth and nothing but the truth, so help you God? |
| PETITIONER: | Yes, I do. |
| THE COURT: | State your name. |
| PETITIONER: | Vitaly Kolosha. |
| THE COURT: | Mr. Kolosha, you heard the announcement by your counsel that you have had a discussion with her with regard to testifying or not testifying? |
| PETITIONER: | Yeah. |

| | |
|---|---|
| THE COURT: | You understand that you have a Constitutional right to testify in this case and if you choose to testify, I will give an instruction to the jury that says they are to consider your testimony like that of any other witness. |
| PETITIONER: | I understand. |
| THE COURT: | You also have a Constitutional right not to testify. And if you choose not to testify, I will give an instruction to the jury that states that they are not to consider that in any way or discuss it in any way in their deliberation. |
| PETITIONER: | Yes. |
| THE COURT: | Have you had an opportunity to discuss this at length with your counsel? |
| PETITIONER: | With Latisha, yes. |
| THE COURT: | Are you satisfied with her representation of you? |
| PETITIONER: | Yes, sir. |
| THE COURT: | And have you reached a decision about what you would like to do? |
| PETITIONER: | What do you mean? |
| THE COURT: | About testifying? |
| PETITIONER: | Not testify. |
| THE COURT: | Is there anybody forcing you to do that? |
| PETITIONER: | No. |
| THE COURT: | Are you under the influence of anything today? |
| PETITIONER: | I'm working – what do you mean? |
| THE COURT: | Are you under the influence of any medication or – |
| PETITIONER: | No |

| | |
|---|---|
| THE COURT: | – or drugs or alcohol or anything that would affect your decision-making ability? |
| PETITIONER: | I'm okay. |
| THE COURT: | You're okay? |
| PETITIONER: | Uh-huh. |
| THE COURT: | Do you have any question that you want to ask me? |
| PETITIONER: | No. |

Id. The trial judge carefully discussed Petitioner's constitutional rights with Petitioner, and confirmed that he wished to waive his right to testify. While Petitioner argues the lack of inquiry into Petitioner's primary language and past experience with the "criminal justice system" rendered the trial court's inquiry incomplete, Petitioner offers no support for these arguments.[5] The trial court's colloquy with Petitioner establishes an effective waiver of his right to testify. Petitioner responded appropriately to the trial judge's questions, and, while under oath, stated that he had discussed the decision to testify with his attorney, he was satisfied with her representation, and he wished to waive his right to testify. Petitioner has failed to show a reasonable probability that, had appellate counsel raised this claim on direct appeal to the OCCA, it would have resulted in relief.

### c. Challenges to trial court's rulings on reliability of child hearsay statements (Grounds VII and VIII)

In Ground VII, Petitioner argues the trial court "failed to state for the record the particular facts and circumstances that support[ed] [its] finding that the hearsay statements [of K.K. and V.K.] were reliable," as required by Oklahoma law. (Dkt. # 2 at 27). In Ground VIII, Petitioner argues

---

[5]     The Court does not question that Petitioner's native language is Russian. However, as discussed above, the record does not support Petitioner's assertion that he did not understand English.

the trial court failed to provide "any ruling or any statement regarding the reliability or admissibility of the audio tape [or] the video of [K.K.'s] forensic interview." Id. at 28. Based on these alleged deficiencies, Petitioner claims the hearsay statements of K.K. and V.K.,[6] including K.K.'s videotaped forensic interview, were improperly admitted at trial. Id. at 26-28.

Prior to trial, the trial court held a "reliability hearing" to determine if the previous statements made by K.K. and V.K. were admissible pursuant to the reliability factors listed in OKLA. STAT. tit. 12, § 2803.1. See Dkt. # 10-2, Tr. Child Hearsay Hr'g. After hearing testimony from several witnesses, and argument from both the prosecutor and defense counsel, the trial court acknowledged the various reliability factors included in OKLA. STAT. tit. 12, § 2803.1. See id. at 125. The trial judge stated that she would review the statements, including the video taped recording of K.K.'s forensic interview, and rule by minute order if the statements presented were admissible. See id. After the hearing, the trial court entered a minute, finding that, "the statements of [K.K.] [ ] made to Arnis Kokis, Darrin Hester, Michelle Brown, Jodie Hunt and Jeremy Yerton, and the statements of [V.K.] made to Darrin Hester and Jodie Hunt are reliable and admissible based on factors set forth in 12 O.S. 2803.1." (Dkt. # 10-9, O.R. Vol. I at 9).

Petitioner argues the trial judge's ruling was insufficient pursuant to F.D.W. v. State, 80 P.3d 503 (Oka. Crim. App. 2003). In F.D.W., the OCCA cited OKLA. STAT. tit. 12, § 2803.1, and stated,

Statements of a child under the age of thirteen relating to physical or sexual abuse against the child are admissible only if it is determined those statements appeared reliable under the circumstances under which they were made, and that the time, content and totality of circumstances surrounding the taking of the statements provide sufficient indicia of reliability so as to render it inherently trustworthy.

---

[6] V.K. did not participate in a formal forensic interview, and no video or audio recording of an interview with V.K. was presented at trial.

Id. at 503 (citations omitted). The OCCA specifically held that "trial courts are required to state for the record the particular facts and circumstances supporting their findings that such hearsay statements of children are reliable." Id. at 504.

Petitioner has failed to show a reasonable probability this claim would have resulted in relief. See Smith, 550 F.3d at 1268. Respondent provides an unpublished decision by the OCCA finding that, while Oklahoma law requires a trial court to state for the record what specific facts or circumstances support its ruling on the admissibility of child hearsay statements, a trial court's failure to do so is subject to harmless error review. (Dkt. # 9-11 at 14, Durbin v. State, No. F-2004-770 (Okla. Crim. App. Mar. 31, 2006) (unpublished)). Therefore, if the trial court's finding is supported by the record, any error in omitting specific facts and circumstances supporting the court's ruling is harmless. Id. at 14-15.

The testimony presented at the reliability hearing provided the trial court with the facts and circumstances surrounding K.K. and V.K.'s statements and supported the trial judge's ruling that the statements were reliable and admissible. Petitioner does not argue in his petition that the facts and circumstances presented failed to "provide sufficient indicia of reliability so as to render it inherently trustworthy." Instead, Petitioner argues only that the trial judge's finding was insufficient. After review of the record, the Court finds that the trial judge's omission of specific facts and circumstances supporting the admissibility ruling "did not contribute to the verdict obtained," and that any resulting constitutional error was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967); see also Harmon v. State, 248 P.3d 918, 933 (Okla. Crim. App. 2011) (applying Chapman standard to determine whether trial error was harmless). Therefore, Petitioner has failed to show that, absent appellate counsel's failure to raise this issue,

"he would have prevailed on his appeal." See Kidwell v. Martin, 480 F. App'x 929, 933 (10th Cir. 2012) (unpublished) (citing Smith v. Robbins, 528 U.S. 259, 285 (2000)).

      **d.**      **Jury allegedly allowed access to video recording of K.K.'s forensic interview during deliberation (Ground IX)**

In Ground IX, Petitioner argues the trial court erred "by allowing the videotape of the forensic interview of [K.K.] to be sent back into the deliberation room with the jury for additional viewing." (Dkt. # 2 at 29). Petitioner argues this was "reversible error requiring a new trial." Id.

Under Oklahoma law, "[t]he decision to allow a jury to take exhibits with them to the jury room is within the discretion of the trial court." Duvall v. State, 780 P.2d 1178, 1180 (Okla. Crim. App. 1989). However, videotaped "testimony" of a witness is not "merely an exhibit." Martin v. State, 747 P.2d 316, 319 (Okla. Crim. App. 1987). In Martin, the child victim "testified, and was subject to thorough cross-examination, first in a closed room on camera and later, in person in front of the jury." Id. When the jury retired to deliberate, a videotape player was set up in the jury room and the recording of the child's testimony was provided for additional viewing. Id. The OCCA held that "the risk of prejudice [was] great in this situation," and that before videotaped testimony can be replayed for a jury, the trial court must call the jury back into open court and determine the "exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis." Id. at 320.

In this case, after the forensic interviewer Michelle Brown testified, the videotaped recording of K.K.'s forensic interview was admitted into evidence without objection from the defense. See Dkt. # 10-4, Tr. Vol. I at 163. The video was then played for the jury. Id. at 164. During closing arguments, both the prosecutor and defense counsel referenced K.K.'s forensic interview. As acknowledged by Petitioner in his supporting brief, see Dkt. # 2 at 31, defense counsel argued that

Michelle Brown used leading questions to direct K.K.'s disclosure of sexual abuse. See Dkt. # 10-6, Tr. Vol. III at 481-84. Counsel encouraged the jury to watch the video and witness K.K.'s story "changing." Id. at 482. Counsel stated, "[y]ou can see the tape, watch it for yourself," id. at 481, and also stressed the importance of the jury's decision, stating, "[i]f you're going to send him to a place where he can't come back from, he deserves more from a child who is 8 years 9 months, fresh out of the third grade. Listen to the video. You can make your determinations."[7] Id. at 484.

First, the Court notes the record does not reflect that the video of K.K.'s forensic interview, while admitted into evidence, was sent back with the jury at the beginning of its deliberations. In addition, the jury did not request to view the video during its deliberations. Furthermore, even assuming the video was sent back with the jury without request, Petitioner has failed to show that the additional access to the videotape rendered his trial fundamentally unfair or was not harmless under Chapman. As a result, he has not demonstrated a reasonable probability that but for appellate counsel's failure to raise this issue on appeal, "he would have prevailed on his appeal." See Kidwell, 480 F. App'x at 933.

In addition, the OCCA has "often recognized the well established principal that a defendant may not complain of error which he has invited, and that reversal cannot be predicated upon such error." Pierce v. State, 786 P.2d 1255, 1259-60 (Okla. Crim. App. 1990). As noted above, during closing argument, trial counsel encouraged the jury to watch the video while deliberating, arguing it supported the defense theory that K.K.'s disclosure of sexual abuse was heavily influenced by the

---

[7]     To the extent Petitioner claims appellate counsel provided ineffective assistance in failing to argue that trial counsel was ineffective for failing to object to the videotape being given to the jury, or encouraging the jury to re-watch the videotape, the claim is denied. Petitioner has failed to overcome the strong presumption that, under the circumstances, defense counsel's action "might be considered sound trial strategy." Strickland, 466 U.S. at 689.

forensic interviewer.  See Dkt. # 10-6, Tr. Vol. III at 481-84.  As a result, any error in submission of the videotape to the jury during deliberations was invited by defense counsel.  Petitioner has failed to show that, but for appellate counsel's failure to raise this issue, he would have prevailed on appeal.

In summary, Petitioner has failed to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of appellate counsel for failing to raise Grounds IV-IX on direct appeal was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Therefore, Petitioner has failed to show "cause" for his procedural default.  In the absence of "cause" or a showing that a fundamental miscarriage of justice will result if his defaulted claims are not considered, the Court concludes that Grounds IV-IX are procedurally barred from federal habeas review.  See Coleman, 501 U.S. at 750.  Habeas corpus relief on Grounds IV-IX is denied.

**D.      Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    The Court Clerk shall note on the record the substitution of Carl Bear, Warden, in place of Mike Addison, Warden, as party respondent.

2.    The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3.    A separate judgment in favor of Respondent shall be entered in this matter.

4.    A certificate of appealability is **denied**.

**DATED** this 6th day of August, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma